Mark G. Kisicki, CA Bar No. 150057
mark.kisicki@ogletree.com
Kyle R. Broadfoot, AZ Bar No. 037134, *admitted pro hac vice*
kyle.broadfoot@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone:    602-778-3700
Facsimile:    602-778-3750

Mitchell A. Wrosch, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
695 Town Center Drive, Fifteenth Floor
Costa Mesa, CA 92626
Telephone:    602-778-3756
Facsimile:    714-754-1298

Attorneys for Defendant
Microchip Technology, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| KAMAL KORAITEM, an individual, | Case No. 5:24-cv-00462-EJD |
| Plaintiff, | **NON-PARTIES BORIS AND JULIA NAIMANS' AND DEFENDANT'S JOINT MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| MICROCHIP TECHNOLOGY, INC., a Delaware corporation; and DOES 1 through 50, | |
| Defendants. | |

Non-parties Boris and Julia Naiman, jointly with Defendant Microchip Technology, Inc. (Movants), respectfully move the Court for Relief from a non-dispositive pretrial order [Dkt. 33] of the Honorable Nathanael Cousins, the assigned Magistrate Judge. This motion seeks relief under Rule 72(a) of the Federal Rules of Civil Procedure (Federal Rules) and Civil Local Rule 72-2.

As required by Local Rule 72-2(a), Movants object to the entirety of the Magistrate's Order

Striking Discovery Motion and Requiring Further Meet and Confer (Order). [Dkt. 33.] And, as required by Local Rule 72-2(b), Movants respectfully request the Court set aside the Order and allow them to re-file with this Court a duly noticed Motion to Quash and Motion for Protective Order. In the alternative, Movants ask the Court to set aside the Order and direct Judge Cousins to consider Movants' Motion after full briefing and argument.

I.     **ARGUMENT**

Judge Cousins denied Movants' Motion to Quash Subpoenas (served on the Naimans) and Request for a Protective Order. Judge Cousins held that the motion was improper because it is a discovery dispute subject to his Standing Order, which requires *parties* to submit discovery disputes in "a joint statement of five pages or less that: (1) describes each unresolved issue; and (2) states each party's proposed compromise with respect to each unresolved issue." N. Cousins Civil Standing Order. The Standing Order also prohibits parties from attaching declarations, exhibits, or proposed orders (among other things) absent leave of court.

However, the Naimans are not parties to this case. Mr. Naiman is a Microchip engineer. He is not a manager or even a supervisor, much less, one of its managing agents. In fact, Mr. Naiman was one of Plaintiff's subordinates. He is one of the Microchip employees who complained about Plaintiff's social media activity (to which Plaintiff admitted, and for which Microchip fired him after concluding it violated the company's policies, including its anti-harassment policy). Mr. Naiman did not participate in Microchip's decision-making process. Mr. Naiman's wife is even further removed from Microchip's decision-making process. She is not even a Microchip employee. As non-parties, the Naimans have the right to move the Court to quash the subpoenas, and to seek protection from further inappropriate discovery.

Judge Cousins' Standing Order, by its own terms, does not apply to non-parties. It expressly applies to disputes between parties. And under well-settled law, the Standing Order cannot be applied in a way that limits rights that non-parties have under the Federal Rules. Understandably, Judge Cousins focused on the fact that Microchip, which jointly filed the motion, is the defendant in this case. But Microchip's status as a party cannot operate to preclude the non-party Naimans from

exercising their rights to file, fully brief, and have the Court consider a motion to quash the subpoenas and seek protection from further inappropriate discovery. Fed. R. Civ. P. 45(d)(3)(A) and (B) (providing that the Court, "[o]n timely motion," must quash a subpoena under certain circumstances and "may, on motion," quash or modify a subpoena under other circumstances).

Courts and judges certainly are free to adopt rules of practice, but such rules must be consistent with and neither duplicate nor conflict with the Federal Rules. *See* Fed. R. Civ. P. 83(a), *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995), *as amended* (Jan. 27, 1995) (holding that courts are "under an obligation to construe local rules so that they do not conflict with the federal rules . . ."). "[A] district court cannot enforce its local rules in a way that conflicts with the Federal Rules of Civil Procedure." *De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 116 (1st Cir. 2004). By extension, that limitation applies to standing orders. *See United States v. Zingsheim*, 384 F.3d 867, 870 (7th Cir. 2004) ("Standing orders have much the status of local rules . . ."). Judge Cousins mistakenly enforced the Standing Order to the Naimans, precluding them from exercising rights the Federal Rules had expressly granted them.

By applying the Standing Order regarding discovery disputes ***between parties*** against the non-party Naimans, Judge Cousins effectively deprived them of their rights under Rule 45(d) and Rule 26(c). That improperly and "substantively alter[ed] the right [to file a full motion under Rule 45 or Rule 26] itself, giving the [magistrate] discretion to decide whether a motion is permitted at all." *In re Wilkinson*, 923 F.2d 154, 155 (10th Cir. 1991). In *Wilkinson*, the Tenth Circuit considered a district's local rule that conditioned a party's right to move to alter or amend a judgment and prevented a party from seeking reconsideration absent leave from the district judge. *Id.* The district court had rejected a motion to reconsider because it had not granted leave to file it. The Tenth Circuit reversed, holding that the local rule was invalid because it gave the district judge discretion to decide whether to permit a motion provided for under the Federal Rules. *Id.* at 155-56.

In *Mirakl, Inc. v. VTEX Commerce Cloud Sols. LLC*, 544 F. Supp. 3d 146 (D. Mass. 2021), the court's local rules limited "each side" to 25 interrogatories and 10 depositions. *Id*. at 147. One of the defendants moved for a protective order to limit the plaintiff to serving 25 interrogatories, in

3  Case No. 5:24-cv-00462-EJD
NON-PARTIES BORIS AND JULIA NAIMANS' AND DEFENDANT'S JOINT MOTION
FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

total, on all defendants. *Id.* at 146. But Rule 33 provides that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories . . . ." *Id.* at 147 (citing Fed. R. Civ. P. 33(a)). The court, noting the tension between the local rule and the federal rule, held that settled law dictated that, "[w]here Local Rules conflict with Federal Rules, the Federal Rules take precedence," and allowed the plaintiff to serve 25 interrogatories on ***each defendant***. *Id.* Other courts have reached the same conclusion. *See, e.g., De La Vega*, 377 F.3d at 116 (holding district court erred in entering summary judgment as a sanction for failing to timely respond to motion within timeframe prescribed by local rules because Rule 56(e) did not permit that disposition as a sanction); *Holloway v. Lockhart*, 813 F.2d 874, 880 (8th Cir. 1987) (local rule requiring leave of court before serving a request for production conflicted with Rule 34, which permits such requests without leave of court, was invalid).

Each of these cases is applicable here, as the Magistrate's Standing Order has stripped the Movants of their right to file a discovery motion expressly permitted by Rule 45 and Rule 26. As shown in both *Mirakl* and *Holloway*, the Magistrate cannot through its Standing Order restrict the Movants' rights to seek redress expressly authorized in the Federal Rules.

Discovery disputes between parties are often best resolved through expedited, limited procedures, and experienced magistrate judges, like Judge Cousins, often do so quite effectively and efficiently. But non-parties who are hauled into a lawsuit by the power of a subpoena have the Due Process right to a full and fair hearing of a motion to quash, and for an order protecting them from further discovery they contend is inappropriate. By exercising that right, non-litigants get insight, perhaps their only insight, into how our system of justice operates. They need to see that our system is open, fair, and affords individuals important procedural rights clearly articulated in rules everyone can see.

## II.     CONCLUSION

The Naimans sought relief afforded under Federal Rules 26 and 45. They have the right to file and fully brief their request for relief, even though defendant Microchip joined in the motion in an effort to protect an employee it found plaintiff had harassed from further harassment, and to

protect his wife. Movants respectfully submit that they are entitled to file and fully brief their motion and ask this Court set aside Judge Cousins' Order and either consider the Motion itself or direct Judge Cousins to do so.

RESPECTFULLY SUBMITTED this 24th day of February 2025.

              OGLETREE, DEAKINS, NASH,
              SMOAK & STEWART, P.C.

              By: s/ *Mark G. Kisicki*
                Mark G. Kisicki
                Mitchell A. Wrosch
                Kyle R. Broadfoot, *admitted pro hac vice*
                2415 East Camelback Road, Suite 800
                Phoenix, Arizona 85016

                Attorneys for Defendant
                Microchip Technology, Inc.